In the United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| Desiree Worsham | § |
| Plaintiff, | § |
| | § |
| | § |
| v. | §  Civil Action No. _____ |
| | § |
| Sunrun, Inc. | § |
| | § |
| | § |
| Defendant | § |

**<u>Plaintiff's Original Complaint</u>**

Plaintiff Desiree Worsham files this Original Complaint against Sunrun, Inc. (Sunrun") and shows:

**Statement of Jurisdiction**

1. This Court has federal question jurisdiction of the Title VII sex and pregnancy discrimination, ADAAA disability discrimination, retaliation claims and FMLA interference and retaliation under 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 2617(a)(2). This court has supplemental jurisdiction over Worsham's Texas Labor Code Chapter 21 sex and pregnancy discrimination, disability discrimination, and retaliation claims, her Texas Labor Code. Ch. 61.015 claim, and her state law breach of contract claim.

2. Venue is proper in the Northern District of Texas, Dallas Division under 28 U.S.C. §1391 because the unlawful employment practices were committed in this

division.

## Parties

3. Plaintiff Desiree Worsham is an individual and a citizen of Texas.

4. Defendant Sunrun, Inc. is a foreign corporation doing business in Texas. It may be served by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## Summary of Claims

5. This lawsuit arises from Sunrun's discrimination against Worsham because of her pregnancy and sex, her disability and its retaliation against Worsham after she engaged in protected activity. Sunrun fired Worsham because of her pregnancy and sex and because of a disability as defined by the statute. Sunrun retaliated against Worsham for her reports of its illegal and discriminatory actions. Sunrun interfered with Worsham's FMLA rights and retaliated against her for seeking FMLA. Sunrun did not pay Worsham all commissions owed and breached its contract with her.

## Factual Background

6. Sunrun hired Worsham to be an outside sales representative selling solar systems from its Grand Prairie office. Patrick Rogers served as Worsham's immediate supervisor. Rogers reported to Jerry Carpenter.

7. Worsham was a very successful sales representative during her tenure at Sunrun. Sunrun has high employee turnover in this difficult job. Worsham was one of the longest tenured employees in the Grand Prairie office. She regularly got praise and accolades for her performance. Worsham assisted in training new team members. Worsham was one of the few employees who regularly attended all monthly meetings and participated in all conference calls.

8. Sunrun selected Worsham to serve on a National Board to represent Sunrun's Grand Prairie office for the Brightbox Solar Battery Backup program. Worsham met with people via Zoom across the nation biweekly to discuss ways to improve this program.

9. In 2019, Worsham became pregnant. Her baby was due in May 2020. In the fall of 2019, Worsham asked her supervisor, Rogers, for the information she needed to take FMLA protected maternity leave when her baby was born.

10. Sunrun, through Rogers, ignored Worsham's multiple requests for the maternity leave information. Rogers did not provide her with any information about the company's maternity leave policy or FMLA policies. Rogers never told Worsham whom she needed to communicate with in Human Resources either.

11. Because Worsham's pregnancy was a high-risk pregnancy, Rogers asked Worsham several times if she could continue working and if she could continue to handle the job. Worsham assured Rogers she could do the job.

12.     Because Sunrun, through Rogers, failed to give her the FMLA and maternity leave information, Worsham finally escalated the issue to Rogers' boss, Jerry Carpenter, in late December 2019. She told Carpenter she had asked Rogers for this information several times, but that Rogers refused to give it to her for several months. Worsham complained about how Rogers treated her because of her pregnancy. Carpenter then assisted Worsham in discovering who she needed to communicate with in Human Resources about the maternity leave and FMLA leave issue.

13.     On December 31, 2019, Worsham officially filed for FMLA protected maternity leave to begin in May 2020, or, if her baby came earlier, when the baby arrived.

14.     Just one week later – on January 7, 2020 – Sunrun fired Worsham.

15.     Sunrun, through Rogers, told Worsham she was fired because her "performance numbers were not where they needed to be."

16.     Sunrun's stated reason for firing Worsham is false. Worsham was one of the highest performers in Sunrun's Grand Prairie office. Worsham regularly had sales as high or higher than many of her peers in the Grand Prairie office. Worsham had the highest number of sales in November 2019. While Worsham had one bad month of sales in December 2019, December is historically known as a difficult month for solar sales with winter and the Christmas holidays.

17.     In January 2020, Worsham knocked it out of the park by selling three solar systems in just the first 7 days of January.

18. When Sunrun fired Worsham, Worsham had the highest sales numbers in in the Grand Prairie office for January 2020.

19. Sunrun did not pay Worsham the commissions she was owed on sales made before her termination. As an example, Worsham sold a 29-kilowatt system in a self-generated sale in November 2019. Because of company pipeline delays, Worsham did not receive a commission on it before she was fired. Because it was a self-generated $80,000 system, Worsham should have received double commission on it. Worsham received no commission despite fulfilling all of her required duties on the sale. Sunrun failed to pay Worsham a commission for the three solar jobs she sold during the first week of January 2020.

20. After Sunrun fired Worsham, Worsham timely filed a Charge of Discrimination with the EEOC on March 30, 2020. Worsham received her Notice of Right to Sue on March 2, 2021 and timely sues.

## Causes of Action

### Sex and Pregnancy Discrimination under Title VII

21. Worsham incorporates the preceding paragraphs as if restated.

22. Sunrun is an "employer" as defined by 42 U.S.C. § 2000e(b).

23. Worsham is an employee as defined by 42 U.S.C. § 2000e(f).

24. Worsham was qualified to perform the job duties at Sunrun.

25. Sunrun discriminated against Worsham because of her sex and pregnancy. Discrimination because of pregnancy is discrimination because of sex. 42 U.S.C. §2000e(k).

26. Sunrun fired Worsham while retaining lower-performing sales representatives who were not pregnant females.

27. Sunrun questioned whether Worsham could continue to perform her job duties because of her pregnancy.

28. Sunrun fired Worsham just one week after she submitted her formal maternity leave request.

29. Sunrun discriminated against Worsham because of her pregnancy and sex in violation of Title VII.

30. Sunrun's violations of Title VII damaged Worsham. Sunrun caused Worsham to lose her income and benefits when it fired her in violation of Title VII.

31. Worsham seeks to recover all damages to which she is entitled for Sunrun's violation of Title VII, including the recovery of her back pay, fringe benefits, front pay, the equitable remedy of reinstatement, compensatory damages for intangible harms and losses, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs.

### Sex Discrimination under Texas Labor Code Chapter 21

32. Worsham incorporates the preceding paragraphs as if restated.

33. Sunrun is an "employer" as defined by Tex. Labor Code § 21.002(8).

34. Worsham is an employee as defined by Tex. Labor Code § 21.002(7).

35. Worsham was qualified to perform the job duties at Sunrun.

36. Sunrun discriminated against Worsham because of her sex and pregnancy. Discrimination because of pregnancy is discrimination because of sex. Tex. Labor Code § 21.106.

37. Sunrun fired Worsham while retaining lower-performing sales representatives who were not pregnant females.

38. Sunrun questioned whether Worsham could continue to perform her job duties because of her pregnancy.

39. Sunrun fired Worsham just one week after she submitted her formal maternity leave request.

40. Sunrun discriminated against Worsham because of her sex in violation of Tex. Labor Code Chapter 21.

41. Sunrun's violations of Texas Labor Code Chapter 21 damaged Worsham. Sunrun caused Worsham to lose her income and benefits when it fired her in violation of Texas Labor Code Chapter 21.

42. Worsham seeks to recover all damages to which she is entitled for Sunrun's violation of Texas Labor Code Chapter 21, including the recovery of her back pay, fringe

benefits, front pay, compensatory damages for intangible harms and losses, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs.

## Title VII Retaliation

43. Worsham incorporates the preceding paragraphs as if restated.

44. Sunrun retaliated against Worsham after Worsham engaged in protected conduct during her employment. Worsham complained to Carpenter and Sunrun's Human Resources that Rogers had refused to provide her with the information she needed about her pending maternity leave for months. Worsham complained about how Rogers treated her because of her pregnancy.

45. Sunrun retaliated against Worsham by firing Worsham within weeks of Worsham's protected activity.

46. Sunrun's actions violated the anti-retaliation provisions in Title VII, 42 U.S. C. § 2000e-3(a).

47. Sunrun caused Worsham to suffer damages because of its illegal retaliation in violation of 42 U.S.C. § 2000e-3. Worsham lost her income and benefits because of Sunrun's illegal retaliation against her.

48. Worsham seeks to recover the damages to which she is entitled because of Sunrun's retaliatory actions against her, including back pay, front pay, the equitable remedy of reinstatement, compensatory damages for intangible harms and losses, punitive

damages, pre-judgment and post-judgment interest, and reasonable and necessary attorneys' fees and costs of court.

## Texas Labor Code Chapter 21 Retaliation

49. Worsham incorporates the preceding paragraphs as if restated.

50. Sunrun retaliated against Worsham after Worsham engaged in protected conduct during her employment. Worsham complained to Carpenter and Sunrun's Human Resources that Rogers had refused to provide her with the information she needed about her pending maternity leave for months. Worsham complained about how Rogers treated her because of her pregnancy.

51. Sunrun retaliated against Worsham by firing Worsham within weeks of Worsham's protected activity.

52. Sunrun's actions violated the anti-retaliation provisions in Tex. Labor Code §21.055.

53. Sunrun caused Worsham to suffer damages because of its illegal retaliation in violation of Texas Labor Code § 21.055. Worsham lost her income and benefits because of Sunrun's illegal retaliation against her.

54. Worsham seeks to recover the damages to which she is entitled because of Sunrun's retaliatory actions against her, including back pay, front pay, the equitable remedy of reinstatement, compensatory damages for intangible harms and losses, punitive

damages, pre-judgment and post-judgment interest, and reasonable and necessary attorneys' fees and costs of court.

## Disability Discrimination under ADAAA

55. Worsham incorporates the preceding paragraphs as if restated.

56. Sunrun is an "employer" as defined by the ADAAA. 42 U.S.C. § 12111(5).

57. Worsham is an "employee" as defined by the ADAAA. 42 U.S.C. § 12111(4).

58. Worsham was qualified to perform her job duties as an outside sales representative.

59. Worsham became pregnant in 2019. Though Worsham could do her job duties, her pregnancy was a high risk pregnancy.

60. Sunrun, through Rogers, repeatedly questioned if Worsham could continue to work and if she could continue to handle the job because of her pregnancy.

61. Sunrun fired Worsham in January 2020, several months before her baby was due in May 2020.

62. Sunrun, through Rogers, treated Worsham as if she could not perform her job duties because of her pregnancy.

63. Sunrun, through Rogers, terminated Worsham in anticipation that her pregnancy might create difficulties for her in performing her job duties.

64. Sunrun discriminated against Worsham because of a disability, a record of a disability and/or because it regarded her as disabled in violation of the ADAAA. 42 U.S.C. § 12102(3).

65. Sunrun's violations of the ADAAA damaged Worsham. Sunrun caused Worsham to lose her income and benefits when it fired her in violation of the ADAAA.

66. Worsham seeks to recover all damages to which she is entitled for Sunrun's violation of the ADAAA, including the recovery of her back pay, fringe benefits, front pay, the equitable remedy of reinstatement, compensatory damages for intangible harms and losses, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs.

### Disability Discrimination under Texas Labor Code Ch. 21

67. Worsham incorporates the preceding paragraphs as if restated.

68. Sunrun is an "employer" as defined by Tex. Labor Code § 21.002(8).

69. Worsham is an "employee" as defined by Texas Labor Code § 21.002(7).

70. Worsham was qualified to perform her job duties as an outside sales representative.

71. Worsham became pregnant in 2019. Though Worsham could do her job duties, her pregnancy was a high risk pregnancy.

72. Sunrun, through Rogers, repeatedly questioned if Worsham could continue to work and if she could continue to handle the job because of her pregnancy.

73. Sunrun fired Worsham in January 2020, several months before her baby was due in May 2020.

74. Sunrun, through Rogers, treated Worsham as if she could not perform her job duties because of her pregnancy.

75. Sunrun, through Rogers, terminated Worsham in anticipation that her pregnancy might create difficulties for her in performing her job duties.

76. Sunrun discriminated against Worsham because of a disability, a record of a disability and/or because it regarded her as disabled in violation of Tex. Labor Code § 21.051 and 21.002.

77. Sunrun's violations of Texas Labor Code Ch. 21 damaged Worsham. Sunrun caused Worsham to lose her income and benefits when it fired her in violation of Texas Labor Code Ch. 21.

78. Worsham seeks to recover all damages to which she is entitled for Sunrun's violation of Texas Labor Code Ch. 21, including the recovery of her back pay, fringe benefits, front pay, the equitable remedy of reinstatement, compensatory damages for intangible harms and losses, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs.

### FMLA Interference and Retaliation

79. Worsham incorporates the preceding paragraphs as if restated.

80. Sunrun was an employer as defined by the FMLA. 29 U.S.C. §2611(4).

81. Worsham was an eligible employee as defined by the FMLA. 29 U.S.C. § 2611(2).

82. Worsham submitted a request for FMLA leave on December 31, 2019. Her FMLA was scheduled to begin in May 2020 or when her baby arrived if it was born before her due date.

83. Sunrun fired Worsham just one week after Worsham submitted a request for FMLA leave.

84. Sunrun's actions in firing Worsham just one week after Worsham requested FMLA leave violate the FMLA in two ways.

85. Sunrun interfered with Worsham's ability to use her FMLA leave in violation of 29 U.S.C. § 2615(a).

86. Sunrun retaliated against Worsham for requesting FMLA leave in violation of 29 U.S.C. §2615(b).

87. Sunrun's violations of the FMLA damaged Worsham.

88. Worsham seeks her actual damages, liquidated damages, attorney's fees, costs, prejudgment and post-judgment interest.

### Breach of Contract for Commissions

89. Worsham incorporates the preceding paragraphs as if restated.

90. Sunrun and Worsham agreed Sunrun would pay Worsham commissions on all sales contracts procured before the termination of her employment.

91. Sunrun's obligation to pay Worsham these commissions continues even after Worsham's employment ended.

92. Worsham is a proper party to sue for breach of this contract

93. Worsham performed all obligations required of her by the contract.

94. Sunrun terminated Worsham on January 7, 2020.

95. Sunrun breached its contractual agreement with Worsham by failing and refusing to pay Worsham the commissions owed.

96. Sunrun's breach of the contract has damaged Worsham and caused her financial injury.

97. Though Worsham presented her claim on March 25, 2020, Sunrun refused to pay Worsham the amount owed.

98. Worsham seeks to recover all actual and consequential damages she has suffered because of Sunrun's breach of its contractual obligations owed to her.

99. Worsham also seeks to recover pre- and post-judgment interest and her reasonable attorneys' fees and costs in pursuit of this claim under Tex. Civ. Prac. & Rem. Code § 38.001 *et. seq.* All conditions precedent to the recovery of attorney's fees under § 38.001 have been fulfilled.

### Breach of Contract for Commissions under Texas Labor Code § 61.015

100. Worsham incorporates the preceding paragraphs as if restated.

101. Worsham and Sunrun agreed Sunrun would pay Worsham commissions on all contracts procured before the termination of her employment.

102. Sunrun's obligation to pay Worsham these commissions continues even after Worsham's employment ended.

103. Under Texas law, unless otherwise agreed, the employer shall pay, after separation, commissions or bonuses earned as of the time of separation. Tex. Labor Code § 61.015; 40 Tex. Admin. Code § 821.26(b).

104. Sunrun and Worsham did not agree that Worsham's commission earnings would cease upon the termination of employment. Instead, Worsham was to be paid the commissions owed.

105. Sunrun's failure to comply with Texas Labor Code § 61.015 has damaged Worsham and caused her financial injury..

106. Worsham seeks to recover all actual and consequential damages she has suffered because of Sunrun's breach of its contractual obligations owed to him.

107. Worsham also seeks to recover pre- and post-judgment interest and his reasonable attorneys' fees and costs in pursuit of this claim.

## Jury Trial

108. Worsham demands a trial by jury.

## Prayer

WHEREFORE, Plaintiff Desiree Worsham prays this Court enter a judgment in her favor and award her all damages caused by the acts of Sunrun, Inc. and award Plaintiff the relief sought and enter such other and further relief to which Plaintiff is justly entitled.

        Respectfully submitted,

        <u>/s/ Karen K. Fitzgerald</u>
        Karen K. Fitzgerald
        State Bar No. 11656750
        Fitzgerald Law, PLLC
        8150 N. Central Expy, 10th Floor
        Dallas TX 75206
        214.265.9958 (direct dial)
        karen@fitzgerald.law

        Attorney for Plaintiff Desire Worsham